UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NEXRF, CORP.,

        Plaintiff,

  v.

PLAYTIKA LTD., et. al.,

        Defendants.

3:20-cv-00603-MMD-CLB

**ORDER**

       Before the court is Defendants Playtika, Ltd. and Playtika Holding Corp.'s ("Playtika") motion to stay discovery pending rulings on the motions to dismiss. (ECF No. 29).[1] Plaintiff responded, (ECF No. 48), and Playtika replied. (ECF No. 49). The court has reviewed the relevant pleadings and papers, and, for the reasons set forth below, the court grants the motion.

       Courts have broad discretionary power to control discovery, including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Under the Federal Rules of Civil Procedure, the court may stay or limit the scope of discovery upon a showing of good cause by the moving party. Fed. R. Civ. P. 26(c). Meeting the "good cause" requirement is no easy task. The party seeking the stay must make a "strong showing" as to why discovery should be denied; broad statements about inconvenience, cost, or a need for protection are insufficient. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).

       To determine if a stay of discovery is appropriate pending the ruling on a motion to dismiss, the court considers the following factors: (1) whether the pending motion is

---

[1] Defendant Caesars Interactive Entertainment ("Caesars") joined this motion. (ECF No. 35).

potentially dispositive of the case; (2) whether the motion can be decided without additional discovery; and, (3) whether the court is convinced that the plaintiff cannot state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *First Am. Title Ins. Co. v. Commerce Assocs., LLC*, No. 2:15-cv-832-RFB-VCF, 2015 WL 7188387, at *2 (D. Nev. Nov. 13, 2015). In order to determine whether the plaintiff can state a claim, the court must take a "preliminary peek" at the merits of the underlying dispositive motion—in this case motions to dismiss filed by both Playtika and Caesars, (ECF Nos. 26, 28). *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011). The "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* at 603.

In conducting its review, the court also considers the goal of Federal Rule of Civil Procedure 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With Rule 1 as its prime directive, the court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

Having reviewed all of the factors set forth above and after conducting a "preliminary peek" of the underlying the motions, the court finds that a stay pending discovery is appropriate in this case. Accordingly, Platika's motion for stay pending ruling on the motions to dismiss (ECF No. 29) is **GRANTED.**

**IT IS SO ORDERED.**

DATED: April 7, 2021

_____
UNITED STATES MAGISTRATE JUDGE