UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NEXRF CORP., | Case No. 3:20-cv-00603-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| PLAYTIKA LTD., *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiff NEXREF Corp. sued Defendants Playtika Ltd., Playtika Holding Corp. (collectively, "Playtika") and Caesars Interactive Entertainment ("Caesars") for allegedly infringing five patents[1] by offering online slot machine games. (ECF No. 1.) The Court granted Defendants' motions to dismiss because the asserted patents are invalid under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014), and its progeny. (ECF No. 58 ("*Alice* Order").)[2] Before the Court is Playtika's motion for attorneys' fees (ECF No. 62 ("Motion"))[3] and two related motions to seal certain exhibits to the Motion (ECF Nos. 63, 72, 73).[4] Because, considering the totality of the circumstances, the Court does not find

---

[1]The five patents are U.S. Patent Nos. 8,747,229 (the '229 patent), 8,506,406 (the '406 patent), 9,646,454 (the '454 patent), 8,506,407 (the '407 patent), and 9,373,116 (the '116 patent) (collectively, the "asserted patents"). (ECF No. 1 at 1.)

[2]Plaintiff appealed this order (ECF No. 60), and that appeal is currently pending.

[3]Plaintiff filed a response (ECF No. 68) and Playtika filed a reply (ECF No. 71). Playtika requested oral argument (ECF Nos. 62 at 1, 71 at 1), but the Court denies the request as it finds oral argument unnecessary. *See* LR 78-1 ("All motions may be considered and decided with or without a hearing.").

[4]In these motions, Playtika seeks to seal its attorneys' billing records submitted in support of its Motion and corresponding reply as trade secrets because the records reveal their negotiated billing rates. ECF Nos. 72 and 73 are identical except that ECF No. 73 has an unredacted exhibit attached to it. Thus, the Court treats ECF Nos. 72 and 73 as one motion. No other parties oppose any of these motions to seal. The Court grants both

this case stands out from others—and as further explained below—the Court will deny the Motion.

## II. BACKGROUND

Plaintiff filed its Complaint in October 2020. (ECF No. 1.) The motions to dismiss the Court ultimately granted in the *Alice* Order were the first motions filed in this case, in February 2021. (ECF Nos. 26, 28.) Playtika concurrently filed a motion to stay the case pending the outcome of the motions to dismiss (ECF No. 29) that United States Magistrate Judge Carla L. Baldwin granted in early April 2021 (ECF No. 50).

Playtika filed a motion for Rule 11 sanctions against Plaintiff in early May 2021 (ECF No. 53) that the Court also denied in the *Alice* Order in July 2021 (ECF No. 58 at 18-20). The Court primarily denied Playtika's motion for sanctions because "the Court has not ruled on the merits of Playtika's noninfringement arguments [raised in the sanctions motion], instead agreeing with Defendants that this entire case is properly disposed of under *Alice* and its progeny." (*Id.* at 19-20.) The Motion followed shortly after the *Alice* Order on July 21, 2021.

Plaintiff represents, and Playtika does not dispute, that this case was the first time Plaintiff asserted the asserted patents. (ECF No. 68 at 7; *see also* ECF No. 71 (declining to dispute this).) Plaintiff also proffered evidence that Playtika offered to settle this case for $207,000—or the amount that it would cost Playtika to petition the United States Patent and Trademark Office ("USPTO") for *inter partes review* of the asserted patents—on May 11, 2021, or after Judge Baldwin granted the motion to stay but before the Court issued the *Alice* Order. (ECF No. 68 at 7; *see also* ECF No. 68-1.) Plaintiff also states that it reached a settlement in late June 2021 "with another infringer for several times Playtika's offer." (ECF No. 68 at 8.)

---

motions (ECF Nos. 63, 72, 73) because it agrees with Playtika that these billing records "contain confidential negotiated billing rates which are generally not available to the public or competitors." *Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, Case No. 2:17-cv-00516-GMN-GWF, 2020 WL 137382, at *3 (D. Nev. Jan. 13, 2020) (granting motion to seal under analogous circumstances).

## III.  LEGAL STANDARD

Playtika claims it is entitled to reasonable attorneys' fees as the prevailing party under 35 U.S.C. § 285. (ECF No. 62.) Section 285 of the Patent Act allows for courts to award reasonable fees to the prevailing party in "exceptional cases." 35 U.S.C. § 285. In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.* ("*Octane*"), 572 U.S. 545 (2014), the Supreme Court held that "an 'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554. *Octane* further urges "[d]istrict courts [to] determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."[5] *Id.* Furthermore, a party must prove its § 285 motion by a preponderance of the evidence. *Id.* at 557. Thus, the Court must determine whether this was an "exceptional case," considering the totality of the circumstances under a preponderance of the evidence standard, to determine whether Playtika has satisfied its burden of showing it is entitled to recover its attorneys' fees and expenses.

## IV.  DISCUSSION

Contrary to Playtika's arguments in its Motion, the Court does not find that this was an exceptional case and will accordingly deny the Motion.[6] To start, Playtika primarily raises arguments that the Court has not previously ruled on to argue that this is an exceptional case. (ECF No. 62 at 8-11 (arguing the Complaint was devoid of a factual basis), 11-13 (arguing Plaintiff fabricated allegations of white labelling), 13-19 (arguing

---

[5]A nonexclusive list of factors that courts may consider consists of "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citations and internal quotes omitted).

[6]Plaintiff asks the Court to wait until the United States Court of Appeals for the Federal Circuit adjudicates its appeal to rule on the Motion, but the Court finds it appropriate to rule on the Motion now. (ECF No. 68 at 25.) "Although a notice of appeal has been filed, a district court in this circuit retains jurisdiction to rule upon a request for attorney fees." *League of Women Voters of California v. F.C.C.*, 751 F.2d 986, 990 (9th Cir. 1985) (citation omitted).

Plaintiff failed to conduct an adequate pre-suit investigation).) However, the Court declines to address these arguments for the first time in the context of Playtika's Motion.

The Federal Circuit has made it "abundantly clear that district courts have wide latitude 'to *refuse* to add to the burdens of litigation by opening up issues that have not been litigated but are asserted as bases for a fee award.'" *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020) (citations omitted). Were the Court to add to the burdens of this litigation by addressing for the first time the majority of the arguments Playtika raises in its Motion, the Federal Circuit instructs that the Court would have to offer "a fuller explanation of the court's assessment of a litigant's position" to support an award of attorneys' fees. *Id.* (citation omitted). The Court declines to do so here.

Fed. R. Civ. P. 1 instructs the Court that the Federal Rules of Civil Procedure should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* The Court followed this instruction by finding the asserted patents invalid in the *Alice* Order and declining to address the noninfringement arguments raised for the first time in Playtika's Rule 11 motion—the Court went right to the dispositive Section 101 issue with the asserted patents and resolved this case approximately 10 months after it was filed, and before significant discovery occurred because Judge Baldwin granted Playtika's motion to stay. (ECF Nos. 50, 58.) Indeed, the Court views this case as an example of *Alice* working as intended—Playtika was able to get an early and complete dismissal of this case on a motion to dismiss.

Expanding this case by diving into Playtika's arguments based upon grounds other than *Alice* would undermine the efficiency and elegance of the resolution of this case the Court has been able to achieve up to this point. It would also contravene the spirit of Rule 1, because finding this case exceptional based on most of the arguments raised in Playtika's Motion would require the Court to examine them for the first time and then rule in Playtika's favor. Said otherwise, the Court will not "conduct the trial it never had" in the first instance on Playtika's Motion—and Federal Circuit precedent does not require it to.

4

*Spineology, Inc. v. Wright Med. Tech., Inc.*, 910 F.3d 1227, 1230 (Fed. Cir. 2018). Indeed, if the Court did, the Court would be required to offer a 'fuller explanation' of whether and why it agreed with Playtika's arguments, taking more time, and further detracting from the relatively efficient resolution of this case so far achieved. *See Munchkin*, 960 F.3d at 1378. The Court accordingly declines to address three of the four grounds Playtika raises in its Motion as to why this case is exceptional in the first instance in this order. (ECF No. 62 at 8-19.)

But Playtika also argues this case is exceptional because Plaintiff took a weak Section 101 position contradicted by cases directly on point. (ECF No. 62 at 20-22.) Plaintiff counters that the Court's invalidity findings in the *Alice* Order do not require an exceptional case finding, pointing both to Federal Circuit precedent and two of the Court's prior cases where the Court invalidated patents based on *Alice* and its progeny but then declined to award attorneys' fees. (ECF No. 68 at 21.) Plaintiff further argues it presented reasonable Section 101 arguments and simply lost on them, which does not merit an exceptional case designation in and of itself. (*Id.* at 21-25.) Plaintiff also attempts to distinguish the cases Playtika relies on to argue Plaintiff's Section 101 arguments were so weak that this is an exceptional case. (*Id.*) On balance, the Court agrees with Plaintiff.

The unrebutted evidence before the Court suggests that this is the first case Plaintiff ever filed to assert the asserted patents, Plaintiff only obtained one settlement from one other alleged infringer, and Playtika made Plaintiff a non-nuisance value settlement even after Judge Baldwin granted Playtika's motion to stay. (*Id.* at 7-8.) Judge Baldwin took a "preliminary peek" at the underlying motions to dismiss before granting Playtika's motion to stay, suggesting that Playtika had a strong Section 101 argument. (ECF No. 50 at 2 (issued April 7, 2021).) However, Playtika still offered Plaintiff $207,000 to settle the case shortly thereafter. (ECF No. 68-1 at 2 (dated May 11, 2021).) The Court can reasonably infer from this settlement offer—and its timing—that Playtika did not view this case as frivolous and thus potentially exceptional until it achieved a full dismissal in the *Alice* Order.
///

1	More broadly, it does not appear that Plaintiff was engaged in a massive though meritless litigation campaign based on the asserted patents. (ECF No. 68 at 7-8.) That makes this case distinguishable from several of the cases Playtika relies on, specifically *My Health, Inc. v. ALR Techs., Inc.*, Case No. 216CV00535RWSRSP, 2017 WL 6512221, at *1 (E.D. Tex. Dec. 19, 2017), *report and recommendation adopted*, Case No. 216CV00535RWSRSP, 2018 WL 11327219 (E.D. Tex. Nov. 30, 2018) (noting in pertinent part that the plaintiff "filed a number of patent infringement lawsuits"), *Edekka LLC v. 3balls.com, Inc.*, Case No. 2:15-CV-541 JRG, 2015 WL 9225038, at *1 (E.D. Tex. Dec. 17, 2015) (noting that the plaintiff, "a non-practicing entity based in Plano, Texas, has sued a large number of defendants in this Court"), and *Cellspin Soft, Inc. v. Fitbit, Inc.*, Case No. 4:17-CV-5928-YGR, 2018 WL 3328164, at *1 (N.D. Cal. July 6, 2018) ("Cellspin brought fourteen patent infringement actions"), *vacated and remanded*, 927 F.3d 1306 (Fed. Cir. 2019) (reversing grant of motions to dismiss on *Alice* grounds). (ECF No. 62 at 20-22 (citing these cases).) The Court accordingly finds that these nonbinding cases do not persuade the Court to find this case exceptional. This case lacks the litigation misconduct and trolling behavior on Plaintiff's part that sometimes causes courts to designate cases exceptional after dismissing them on *Alice* grounds.

There is also no dispute that this case was resolved quickly before much discovery, claim construction proceedings, summary judgment briefing, or trial. Plaintiff did not persist in maintaining unreasonable positions after unfavorable rulings, needlessly complicate this case, or vexatiously file many frivolous motions. Plaintiff simply lost an early set of *Alice* motions. These facts also tend to weigh against finding this case exceptional.

That leaves two other cases upon which Playtika relies: *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372 (2017)[7] and *Planet Bingo, LLC v. VKGS LLC*,

---

[7]This case is nonetheless distinguishable from *Inventor Holdings* because Playtika secured a quick dismissal before beginning discovery or claim construction proceedings, unlike Bed, Bath, and Beyond in *Inventor Holdings*, and this entire case significantly postdated *Alice*, whereas the key issue in *Inventor Holdings* was that the plaintiff did not reassess its litigation positions after *Alice* issued. *See* 876 F.3d at 1377-80.

6

576 F. App'x 1005, 1007-08 (Fed. Cir. 2014). (ECF No. 62 at 20-21.) Both of these cases no doubt support Playtika's argument that Plaintiff's Section 101 arguments were objectively weak. And as the Court noted in the *Alice* Order, Plaintiff's decision not to address *Planet Bingo* when it responded to the motions to dismiss suggests that Plaintiff knew there was a chance the Court would invalidate the asserted patents under *Alice* and its progeny. (ECF No. 58 at 9.) However, while Plaintiff's Section 101 arguments were weak, the Court does not find that Plaintiff was clearly on notice its claims were frivolous. *See Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1181 (Fed. Cir. 2018) (holding that a district court may deny attorneys' fees where a losing party was not on "clear notice" that their claims were meritless). As Plaintiff argues, it focused on technical improvements contained within the asserted patents that Plaintiff now contends rendered *Planet Bingo* distinguishable. (ECF No. 68 at 21-22.) And while the Court of course ultimately disagreed with Plaintiff in the *Alice* Order, Plaintiff's Section 101 arguments were not clearly frivolous.

In sum, and mindful that fee awards are not to be used as a "penalty for failure to win a patent infringement suit[,] *see Octane*, 572 U.S. at 548, the Court does not find that this case stands out from others based on the objective weakness of Plaintiff's Section 101 positions. Plaintiff simply asserted the asserted patents for the first time in this case and quickly lost—as it should have for the reasons provided in the *Alice* Order. Thus, the Court does not find that this is an exceptional case. *See id.* at 554 (providing applicable standard). The Court accordingly denies the Motion.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion here as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants Playtika Holding Corp. and Playtika Ltd.'s motion for exceptional case finding and attorneys' fees (ECF No. 62) is denied.

///

1  It is further ordered that Defendants Playtika Holding Corp. and Playtika Ltd.'s motions to seal (ECF No. 63, 72, 73) are granted.

DATED THIS 2nd Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE